DANIEL McGOWAN *vs.* COURT OF PROBATE OF CITY OF NEWPORT.

NEWPORT—NOVEMBER 29, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1) *Wills. Charge to jury.*

It is not the privilege of counsel to dictate the words that shall be given in a charge to a jury; if the law applicable to the case is correctly stated, it is all that can be required.

Where a person writes or prepares a will for another, under which the wife of the writer takes a benefit, it is a circumstance to be considered by the jury, requiring the court and jury to be vigilant and zealous in examining the evidence in support of the instrument; and unless it appears clearly that no advantage was taken by the person so writing the will, it is sufficient to exclude the will from probate.

PROBATE APPEAL. Heard on petition of appellant for new trial, and denied.

Per Curiam.   This is a petition for a new trial of a probate appeal in which the jury have found a verdict approving the will of Ann McGowan, deceased.

The petition is based upon exceptions to the refusal of the court to charge as requested by the appellants, and also on the ground that the verdict is against the law and the evidence.

(1)   Two requests to charge were made, which were modified by the presiding justice.   The first request is as follows: "Where a person writes or prepares a will for another under which the wife of the writer takes a benefit, it is a suspicious circumstance requiring the court to be vigilant and zealous in examining the evidence in support of the instrument, and is sufficient to exclude the will from probate unless the suspicion is removed." The modification of this request which was granted is as follows: "That where a person writes or prepares a will for another, under which the wife of the writer takes a benefit, it is a circumstance to be considered by you, requiring the court and the jury to be vigilant and zealous in examining the evidence in support of the instrument, and that unless it appears clearly that no advantage was taken by the person so writing a will, it would be sufficient to exclude the will from probate."

The charge given by the court was a substantial compliance with the request.   It is not the privilege of counsel to dictate the words that shall be given in a charge to the jury; if the law applicable to the case is correctly stated, it is all that can be required.   *McGarrity* v. *N. Y., N. H. & H. R. R. Co.*, 25 R. I. 269.

The second request to charge, as it was worded, was inapplicable to any evidence in the case, as was admitted by counsel at the argument before us.

The evidence in the record was, in our opinion, amply sufficient to support the verdict.   Indeed, it was so strong in favor of the will that a contrary verdict would have been unreasonable.

The petition for a new trial is denied, and the cause will be remanded to the Superior Court, sitting in the county of Newport, with direction to enter a decree sustaining the will, with costs for the proponents.

*William P. Sheffield, Jr., and Max Levy* for appellants.

*Frank F. Nolan, and Gardiner, Pirce, and Thornley* for appellees.